**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

BRENDA R.,

Plaintiff,

v.

6:26-CV-539
(DJS)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

| **APPEARANCES:** | **OF COUNSEL:** |
| --- | --- |
| BRENDA R.<br>Plaintiff Pro Se<br>Indian Lake, New York 12842 | |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF THE GENERAL COUNSEL<br>Attorney for Defendant<br>6401 Security Boulevard<br>Baltimore, Maryland 21235 | VERNON NORWOOD, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

**MEMORANDUM-DECISION AND ORDER**[1]

On April 6, 2026, Plaintiff commenced this action, using a form complaint, in which she "complains of a decision which adversely affects the plaintiff in whole or in part." Dkt. No. 1, Compl., ¶ 2. The Complaint alleges that it challenges a final decision of Defendant. *Id.* And while the Complaint alleges that a copy of the Appeals Council decision is included, *id.* at ¶ 3, no such decision is attached. Defendant moves to dismiss the Complaint alleging that no final, adverse determination has been issued against Plaintiff and, therefore, this matter is not ripe for the Court's review. Dkt. No. 9. Plaintiff has responded to the Motion. Dkt. No. 13.

For the reasons set forth below, the Motion is granted and the Complaint is dismissed.

This Court has the authority to review an adverse decision from the Commissioner of Social Security under 42 U.S.C. § 405(g). That statute "allows federal courts to review 'any final decision of the Commissioner . . . after a hearing.'" *Nunez v. Comm'r of Soc. Sec.*, 848 F. App'x 35 (2d Cir. 2021) (quoting 42 U.S.C. § 405(g)).

> There is a four-step procedure for a claimant to obtain a final decision subject to judicial review: (1) the claimant files an application and receives an initial determination, (2) the claimant may request reconsideration by filing a written request, (3) the claimant may challenge the decision on reconsideration by requesting a hearing before an ALJ, and (4) if

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 4 & General Order 18.

> dissatisfied with the hearing decision, the claimant may request review by the Appeals Council within 60 days of receiving notice of the hearing decision.

*Id.* (citing 20 C.F.R. §§ 404.900(a), 404.968(a)). "It is well settled that . . . judicial review of Social Security benefit determinations is limited to 'final' decisions of the Commissioner made after a hearing, that available administrative procedures must be exhausted and that a final decision is a prerequisite for subject matter jurisdiction in the District Court." *Mathews v. Chater*, 891 F. Supp. 186, 188 (S.D.N.Y. 1995).

The record establishes that Plaintiff sought and was granted Title XVI benefits as of May 1, 2001. Dkt. No. 9-1, ¶ 3(a). It appears that she continues to receive benefits. *Id.* Defendant has no record of an adverse determination against Plaintiff. *Id.* at ¶¶ 3(b)-(c). The record, therefore, is devoid of evidence of a denied claim, a hearing before an Administrative Law Judge, or a decision from the Appeals Council. Absent that evidence the record demonstrates that "Plaintiff failed to follow the steps for reaching a final decision, as promulgated by the Commissioner and, thus, failed to exhaust her administrative remedies. Accordingly, pursuant to 42 U.S.C. § 405(g), the Court lacks jurisdiction over Plaintiff's claims." *Leong v. Comm'r of Soc. Sec.*, 2011 WL 13599341, at *2 (N.D.N.Y. July 25, 2011); *see also Gist v. Comm'r of Soc. Sec.*, 2008 WL 4239593, at *3 (N.D.N.Y. Sept. 11, 2008).

> In rare circumstances exhaustion may be waived, but exhaustion is the rule, waiver is the exception. The court considers three factors in making

> its determination: (1) whether the plaintiff's claim is collateral to the demand for benefits; (2) whether exhaustion would be futile, and (3) whether requiring exhaustion would cause irreparable harm to plaintiff.

*Jason P. v. Comm'r of Soc. Sec.*, 2020 WL 2079411, at *3 (N.D.N.Y. Apr. 30, 2020) (internal quotations and citations omitted). Plaintiff has not established that any of these exceptions are applicable here. Plaintiff has not suggested that this matter is collateral to a claim for denial of benefits. Nor is there any real basis for claiming that exhaustion would be futile or that requiring exhaustion would cause harm.

**ACCORDINGLY**, it is

**ORDERED**, that Defendant's Motion to Dismiss is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint is **DISMISSED**; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: August 25, 2026
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

2011 WL 13599341
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Gail LEONG, Plaintiff,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant.

8:11-CV-00370
|
Signed July 25, 2011

**Attorneys and Law Firms**

Gail Leong, Van Buren, ME, Pro Se.

Suzanne M. Haynes, Social Security Administration, Office of Regional General Counsel, New York, NY, for Defendant.

**DECISION and ORDER**

THOMAS J. McAVOY, Senior United States District Judge

***1** Plaintiff Gail Leong commenced this action *pro se* asserting claims pursuant to the Americans with Disabilities Act of 1990 (“ADA”); Title VII of the Civil Rights Act of 1964 (“CRA”); and 42 U.S.C. § 1983, based on the Social Security Administration's refusal to allow her to choose her own medical evaluator.

## I. FACTS

The following facts are taken from Plaintiff's Complaint and, for purposes of the instant motion, are deemed to be true.

Plaintiff is currently a resident of Van Buren, Maine and is receiving disability benefits from the Social Security Administration (“SSA”). To keep receiving benefits, she must be periodically evaluated by a medical professional chosen by the SSA. According to Plaintiff, patients are not permitted to verify the qualifications of the medical evaluator and the SSA does not take the individual needs of patients into account when selecting the medical professional. Plaintiff requested that her next medical evaluation be performed at the Adirondack Medical Center in Saranac Lake, New York.

Plaintiff commenced the instant action seeking an order requiring SSA to permit her to receive her next medical evaluation at the Adirondack Medical Center. Presently before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b) for lack of jurisdiction and improper venue.

## II. STANDARD OF REVIEW

“A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.” Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). Pursuant to 42 U.S.C. § 405(g), an individual must obtain a “final decision of the Commissioner” before a federal court has jurisdiction over the claim. See Heckler v. Ringer, 466 U.S. 602, 617 (1984); Califano v. Sanders, 430 U.S. 99, 108 (1977); Matthews v. Chater, 101 F.3d 681, 681 (2d Cir. 1996) (“Pursuant to 42 U.S.C. § 405(g), an individual must obtain a ‘final decision of the Secretary’ before judicial review of Social Security benefit determinations is granted.”) (affirming the district court's dismissal for lack of subject matter jurisdiction when the plaintiff failed to exhaust all administrative remedies).

## III. DISCUSSION

### a. Failure to Exhaust Administrative Remedies

Defendant moves to dismiss Plaintiff's Complaint on the ground that she failed to her exhaust administrative remedies before filing the instant action and, thus, the Court lacks subject matter jurisdiction over the case. As stated above, 42 U.S.C. § 405(g) requires the SSA to reach a final decision on a claim before it can be brought in federal court. Although the statute does not define the term “final decision,” the Commissioner has set forth a detailed administrative process. See Weinberger v. Salfi, 422 U.S. 749, 766 (1975) (holding that the Commissioner is to “flesh out by regulation” what constitutes a “final decision.”) Under these regulations, an individual must: (1) receive an initial determination of benefits; (2) if unsatisfied with the determination, ask for a reconsideration; (3) request and appear at a hearing before an administrative law judge; and (4) request the Appeals Council to review the decision by an administrative law judge. 20 C. F. R. § 404.900. Only after these four steps are completed can a plaintiff file an action seeking district court review. Id. Completion of the administrative process is “central to the requisite grant of subject-matter jurisdiction.” Weinberger v. Salfi, 422 U.S. 749, 764 (1975).

***2** Here, Plaintiff's sole argument is that she should be able to select the medical professional who will conduct her next

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

evaluation. Plaintiff is currently receiving disability benefits and is not up for a review of those benefits until November 2011. Plaintiff failed to follow the steps for reaching a final decision, as promulgated by the Commissioner and, thus, failed to exhaust her administrative remedies. Accordingly, pursuant to 42 U.S.C. § 405(g), the Court lacks jurisdiction over Plaintiff's claims.

**b. Title VII, ADA, and § 1983 Claims**

Plaintiff's Complaint may be read to be asserting claims pursuant to Title VII, the ADA, and § 1983. Title VII, the ADA, and § 1983 do not apply to a federal agency implementing a federal program. Soberal-Perez v. Heckler, 717 F.2d 36, 38 (2d Cir. 1983) (Title VII "was meant to cover only those situations where federal funding is given to a non-federal entity which, in turn, provides financial assistance to the ultimate beneficiary."); Cellular Phone Taskforce v. F.C.C., 217 F.3d 72, 73 (2d Cir. 2000) ("Title II of the ADA is not applicable to the federal government."); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n. 4 (2d Cir. 1991) (an action brought pursuant to § 1983 "cannot lie against federal officers."). Insofar as these statutes do not apply to the federal government, they must be dismissed.

To the extent Plaintiff's Complaint may be considered to be asserting a claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), it must be dismissed. In Bivens, the Supreme Court recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights. Nothing in Plaintiff's Complaint plausibly suggests the violation of any constitutional right. Accordingly, Plaintiff's Complaint is dismissed.

**IV. CONCLUSION**

For the reasons stated above, the Defendant's motion to dismiss is **GRANTED** and the Complaint is **DISMISSED IN ITS ENTIRETY**.

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2011 WL 13599341

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

2008 WL 4239593
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

David L. GIST, Sr., Plaintiff,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant.

No. 5:07–CV–1246.
|
Sept. 11, 2008.

**Attorneys and Law Firms**

David L. Gist, Sr., Syracuse, NY, pro se.

Hon. Glenn T. Suddaby, United States Attorney for the Northern District of New York, Vernon Norwood, Esq., Special Assistant United States Attorney, of Counsel, Street Syracuse, NY, for Defendant.

***DECISION and ORDER***

THOMAS J. McAVOY, Senior District Judge.

***1** This matter brought pursuant to the Americans with Disabilities Act, 41 U.S.C. § 12101 was referred to the Hon. George H. Lowe, United States Magistrate Judge, for a Report–Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

No objections to the May 27, 2008 Report–Recommendation have been raised. After examining the record, this Court has determined that the Report–Recommendation is not subject to attack for plain error or manifest injustice. Accordingly, this Court adopts the Report–Recommendation for the reasons stated therein and DISMISSES the petition.

IT IS SO ORDERED.

***REPORT AND RECOMMENDATION***

GEORGE H. LOWE, United States Magistrate Judge.

This matter was referred to the undersigned for report and recommendation by the Honorable Thomas J. McAvoy, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3. Defendant moves to dismiss the complaint. (Dkt. No. 11.) Plaintiff opposes the motion. (Dkt. No. 12 [1] .) Because I find that Plaintiff failed to exhaust his administrative remedies, I recommend that the motion to dismiss be granted.

1 Plaintiff filed additional opposition papers on May14 and May 20, 2008. Those papers were not served on Defendant, and will thus be rejected for filing. Consideration of the papers would not have changed the undersigned's recommendation.

**I. PROCEDURAL HISTORY**

Plaintiff applied for Supplemental Security Income ("SSI") on September 23, 2002. (Herbst Decl. Ex. 2.) On January 20, 2005, the Social Security Administration ("SSA") informed Plaintiff in writing that he was eligible to receive monthly SSI payments, including retroactive payments to January 1, 2003. *Id.* The SSA's letter included a calculation of the payments owed to Plaintiff and a description of how the calculation was performed. *Id.* The letter advised Plaintiff that he could appeal the SSA's calculation of benefits by requesting reconsideration in writing within 60 days of receiving the letter. The letter stated that the S SA "will ask you to sign a form SSA–561–U2, called 'Request for Reconsideration.' " *Id.*

On April 6, 2005, the SSA informed Plaintiff in writing that he was entitled to Disability Insurance Benefits, retroactive to September 2001. (Herbst Decl. Ex. 3.) However, the SSA stated that "[w]e are withholding your Social Security benefits for September 2001 through March 2005. We may have to reduce these benefits if you receive ... SSI ... for this period." *Id.* Again, the letter advised Plaintiff of the steps to take if he wanted to appeal the decision. *Id.*

On April 11, 2005, SSA informed Plaintiff in writing that his SSI payments would cease beginning on May 1, 2005, because his receipt of Disability Insurance Benefits rendered him economically ineligible for SSI. (Herbst Decl. Ex. 4.) Again, the letter advised Plaintiff of the steps to take if he wanted to appeal the decision. *Id.*

On June 5, 2005, the SSA informed Plaintiff in writing that "we cannot pay you all of the Social Security benefits that we withheld. This is because you received SSI money for September 2002 through June 2005." (Herbst Decl. Ex. 5.) However, the SSA informed Plaintiff that he would "soon receive a check for $12,327.19." *Id.* Again, the letter advised

Plaintiff of the steps to take if he wanted to appeal the decision. *Id.*

***2** On August 1, 2005, the SSA informed Plaintiff in writing that, because of his income, he had not been eligible for SSI payments in October 2003 and April 2004. (Herbst Decl. Ex. 6.) Again, the letter advised Plaintiff of the steps to take if he wanted to appeal the decision. *Id.*

Plaintiff did not file a "request for reconsideration or any other administrative appeal of the determinations." (Herbst Decl. ¶ 3(g).) Plaintiff asserts that when he requested form SSA–561–U2 on two separate occasions from his local Social Security office, office personnel were rude to him and refused to give him the form. (Dkt. No. 12–3.) Plaintiff did, however, seek assistance from his Congressman. (Dkt. No. 1.) Eventually, he filed a complaint in this Court on November 29, 2007. (Dkt. No. 1.)

Although the complaint is far from clear, Plaintiff appears to dispute the SSA's finding that he was ineligible for SSI payments due to his income. ("Alleges am below income, and it clearly states both incomes, SSDI and SSI, when just receive one SSDI, is reasons to belief there a conflict of interests hear, is why am bring this matter to Court, being railroad by means stated all alone, where unemployable, forever lost of surgery of objects its taking a toll something has of right to it hear otherwise, where are civil rights.") Plaintiff also alleges that he never received a check for his withheld benefits. (Dkt. No. 1.)

Defendant filed the motion to dismiss on April 9, 2008. (Dkt. No. 11.) Plaintiff filed opposition papers on April 29, 2008. (Dkt. No. 12) (see also footnote 1, *supra.*)

## II. DISCUSSION

Defendant argues that the Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff did not exhaust his administrative remedies. (Dkt. No. 11.) Defendant is correct.

A case may properly be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the court lacks statutory or constitutional authority to adjudicate it. *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). When deciding whether to grant a 12(b)(1) motion to dismiss, the court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to [the] plaintiff." *McGinty v. State,* 193 F.3d 64, 68 (2d Cir.1999). In addition, when a plaintiff appears *pro se,* the court must read the complaint liberally. *Shah v. N.Y. Dep't of Civil Serv.,* 168 F.3d 610, 614 (2d Cir.1999). The court may also refer to evidence outside the pleadings and the plaintiff carries the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *Makarova,* 201 F.3d at 113.

"It is well settled that ... judicial review of Social Security benefit determinations is limited to 'final' decisions of the Commissioner made after a hearing, that available administrative procedures must be exhausted and that a final decision is a prerequisite for subject matter jurisdiction in the District Court." *Matthews v. Chater,* 891 F.Supp. 186, 188 (S.D.N.Y.1995) (*citing, inter alia, Califano v. Sander,* 430 U.S. 99 (1977)). "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi,* 422 U.S. 749, 765 (1975).

***3** When a plaintiff disputes a determination of the SSA regarding his economic eligibility for payments or the underpayment or overpayment of benefits, he must pursue three levels of administrative procedures in order to fully exhaust his administrative remedies. First, the plaintiff must request reconsideration. 20 C.F.R. §§ 404.913, 416.1413 (2007). Second, if the reconsideration decision is unfavorable, the plaintiff must request a hearing before an Administrative Law Judge ("ALJ"). 20 C.F.R. §§ 404.930, 416.1430 (2007). Third, if the ALJ's determination is unfavorable, the plaintiff must request that the Appeals Council review the ALJ's decision. 20 C.F.R. §§ 404.967, 416 .1467 (2007). "A determination is only final after the Appeals Council has denied review or decided the case after review." *Matthews,* 891 F.Supp. at 188 (*citing* 20 C.F.R. § 404.981).

Here, Plaintiff did not exhaust his administrative remedies. He did not seek reconsideration, an ALJ hearing, or review by the Appeals Council.

The District Court may waive the exhaustion requirement only if (1) the plaintiff's legal claims are collateral to the demand for benefits; (2) exhaustion would be futile; or (3) exhaustion would cause irreparable harm. *Matthews,* 891 F.Supp. at 188 (*citing Smith v. Schweiker,* 709 F.2d 777,


© 2026 Thomson Reuters. No claim to original U.S. Government Works.

780 (2d Cir.1983)). "The ultimate decision of whether to waive exhaustion should not be made solely by mechanical application of [these] factors, but should also be guided by the policies underlying the exhaustion requirement." *Bowen v. City of New York,* 476 U.S. 467, 484 (1986)

Waiver is not appropriate in this case. First, Plaintiff's claim is not "collateral" to a demand for benefits. Indeed, Plaintiff's complaint *is* a demand for benefits. Second, exhaustion would not be futile. Although Plaintiff did not file a request for reconsideration within 60 days, he could still pursue his administrative remedies by requesting an extension of time from the SSA in which do so. 20 C.F.R. §§ 404.909(b), 416.1409(b) (2007). This would give the SSA an opportunity to correct any errors, afford the parties and the courts the benefit of the SSA's experience and expertise, and result in a record that is adequate for judicial review. Third, nothing in the record indicates that requiring exhaustion would irreparably harm Plaintiff. Accordingly, this Court does not have subject matter jurisdiction.

**WHEREFORE,** it is hereby

**RECOMMENDED,** that the Court dismiss the complaint (Dkt. No. 1) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); and it is further

**ORDERED,** that the papers filed by Plaintiff on May 14 and May 20, 2008, be rejected for failure to serve Defendant.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85 (2d Cir.1993) (citing *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 4239593

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

2020 WL 2079411
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

JASON P., [1] Plaintiff,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant.

1 In accordance with recent guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in June 2018 in order to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify the plaintiff and any other individual, using only his or her first name and last initial.

1:19-CV-1463 (ATB)
|
Signed 04/29/2020
|
Filed 04/30/2020

**Attorneys and Law Firms**

JASON P., Plaintiff pro se.

JESSICA TUCKER, Special Asst. U.S. Attorney for Defendant.

**MEMORANDUM-DECISION and ORDER**

ANDREW T. BAXTER, United States Magistrate Judge

***1** This matter was referred to me, for all proceedings and entry of a final judgment, pursuant to the Social Security Pilot Program, N.D.N.Y. General Order No. 18, and in accordance with the provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, N.D.N.Y. Local Rule 73.1 and the consent of the parties. (Dkt. No. 4). Plaintiff seeks review of a partially favorable decision on his claim for Child's Insurance Benefits ("CIB") under Title II of the Social Security Act.

General Order No. 18 provides that "after service of the Complaint and the Social Security Identification Form has been effectuated, the defendant shall file the certified transcript of the administrative proceedings, which shall constitute the defendant's answer within 90 days of said service, ***or a motion to dismiss within 90 days of said service***." N.D.N.Y. General Order No. 18 (June 12, 2018) (Dkt. No. 7 at 3) (emphasis added). In this case, defendant has filed a timely motion to dismiss which is now pending before me. (Dkt. No. 15). Plaintiff has responded in opposition to the motion, and defendant has filed a reply. (Dkt. Nos. 15, 17, 18). For the following reasons, this court agrees with defendant and will order dismissal of this action without prejudice for failure to exhaust administrative remedies.

## I. Motion to Dismiss

Defendant's motion to dismiss is based upon lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). " 'Dismissal for lack of subject matter jurisdiction is proper when the district court lacks the statutory or constitutional power to adjudicate a case.' " *Oliver v. New York State Police*, No. 1:19-CV-233, 2020 WL 1849484, at *5 (N.D.N.Y. Apr. 13, 2020) (quoting *Sokolowski v. Metro. Transp. Auth.*, 723 F.3d 187, 190 (2d Cir. 2013)). The court considers all uncontroverted facts in the complaint as true, and draws all reasonable inferences in favor of the party asserting jurisdiction. *Id.* (citing *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)).

In resolving a motion to dismiss for lack of subject-matter jurisdiction, the court may consider competent evidence outside the pleadings, such as affidavits and exhibits. *Id.* (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). " 'Where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings.' " *Id.* (quoting *Tandon*, 752 F.3d at 243) (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)). A plaintiff who asserts subject matter jurisdiction has the burden to show that it exists by a preponderance of the evidence. *Id.*

## II. Background

In May of 2010, plaintiff filed an application for CIB, based on the earnings of his mother Mary Beth P.L. (Def.'s Ex. 1) [2] (Dkt. No. 15-3). Plaintiff's application was denied initially on September 12, 2010. (Def.'s Ex. 2) (Dkt. No. 15-4). Plaintiff's application was denied again after he requested reconsideration. (Def.'s Ex. 3, 4) (Dkt. Nos. 15-5, 15-6). Plaintiff requested and attended a hearing before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision. (Def.'s Ex. 5, 6) (Dkt. Nos. 15-7,

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

15-8). Plaintiff requested review of the ALJ's decision, but the audio recording of the ALJ's hearing could not be found, and the Appeals Council ultimately vacated the ALJ's decision, remanding the case for additional proceedings before the ALJ. (Def.'s Ex. 7 at 3) (Dkt. No. 15-9).

2 The defendant's exhibits have been filed under the Declaration of Jenay Podraza, Acting Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Social Security Administration. ("Podraza Decl.") (Dkt. No. 15-2).

***2** After holding a second hearing, the ALJ issued another unfavorable decision, which plaintiff appealed. (Def.'s Exs. 8, 9 at 2) (Dkt. Nos. 15-10, 15-11). On June 29, 2018, the Appeals Council vacated the second hearing decision because the audio recording was again lost. (*Id.*) On June 17, 2019, a different ALJ issued a partially favorable decision, awarding plaintiff CIB under the insured status of his mother. (Def.'s Ex. 10 at 6, 11) (Dkt. No. 15-12). The decision stated that plaintiff would be entitled to begin receiving benefits 12 months prior to his 2010 application, but not retroactively to 1993. (Def.'s Ex. 10 at 11). On August 14, 2019, the ALJ amended his June 17, 2019 decision to state that plaintiff was only entitled to benefits beginning six month prior to his 2010 application because his mother converted to retirement benefits in 2008, which was prior to plaintiff's 2010 CIB application. In such cases, the statute provided that individuals could only collect retroactive benefits beginning six months prior to the application date. (Def.'s Ex. 11 at 5, 10) (Dkt. No. 15-13).

On August 30, 2019, plaintiff requested review of the ALJ's amended decision. (Def.'s Ex. 12) (Dkt. No. 15-14). Plaintiff filed this federal action on November 25, 2019. (Dkt. No. 1). However, his administrative case is currently pending before the Appeals Council. (Podraza Decl. ¶ 3(d)).

## III. Exhaustion of Administrative Remedies

### A. Legal Standards

The United States, as a sovereign, is immune from suit except as it consents to be sued. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity applies to agencies of the United States. *Id.* Sovereign immunity is jurisdictional in nature, and a waiver of sovereign immunity must be unequivocally expressed. *McCarthy v. Azar*, No. 19-CV-6683, 2020 WL 1697995, at *3 (E.D.N.Y. Apr. 7, 2020) (citations omitted). The party asserting jurisdiction bears the burden of establishing the waiver. *Id.* (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

The Social Security Act provides that judicial review of Social Security benefit determinations, under both Title II [3] and Title XVI [4] of the Act, is limited to "final decisions" of the Commissioner, made after a hearing. 42 U.S.C. § 405(g). Available remedies must be exhausted. *Maynard v. Soc. Sec. Admin.*, No. 11-CV-6046, 2012 WL 2319249, at *3 (S.D.N.Y. June 19, 2012) (citing *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)). A determination becomes "final" after the Appeals Council has denied review or has decided the case after review. *Mathews v. Chater*, 891 F. Supp. 186, 188 (S.D.N.Y. 1995) (citing 20 C.F.R. § 404.981). Section 405(h) provides that no findings of fact or decision of the Commissioner shall be reviewed "by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).

3 Disability Insurance Benefits ("DIB").

4 Supplemental Security Income ("SSI").

### B. Application

Plaintiff does not dispute that his claim is still pending before the Appeals Council. Rather he argues that because he was a "class member" in *Sullivan v. Zebley*, 493 U.S. 521 (1990), the court has jurisdiction over his claim. (Complaint ("Compl." at 2, ¶ 8)). Plaintiff cites to a passage in *Zebley*, which states that "[t]his court will retain jurisdiction of this case to oversee implementation of the terms of this Stipulation and Order." (*Id.*) Plaintiff also seems to be raising Constitutional due process claims. (Compl. at 2, ¶ 7).

However, *Zebley* does not apply in plaintiff's case to confer jurisdiction over his current action. *Zebley* was a class action brought by plaintiffs claiming Child's benefits and was a facial challenge to the method by which the Social Security Administration determined a child's eligibility for benefits under the SSI program (Title XVI). 493 U.S. at 523. The court in *Zebley* invalidated the method used by Social Security and maintained jurisdiction over the action "to oversee the implementation" the Stipulation and Order that had been issued regarding a new procedure for determining eligibility. The Regulations have long since been amended to conform with the proper method for such review.

***3** Plaintiff in this case is an adult and is not challenging his eligibility for SSI. Rather, he is challenging a 2010 decision, in which he was applying for Title II benefits under his

mother's insured status. Plaintiff has already been found to be entitled to benefits. The only question in this case is whether plaintiff is entitled to benefits dating back to 1993 or whether he is entitled to benefits beginning six months prior to his 2010 application date. This determination is completely unrelated to *Zebley*, and *Zebley* does not provide jurisdiction for plaintiff's action.

An exception to the exhaustion requirement may exist when the plaintiff presents certain constitutional claims. *See* *Califano v. Sanders*, 430 U.S. 99, 109 (1977). In *Stieberger v. Apfel*, 134 F.3d 37, 41 (2d Cir. 1997), the court held that, notwithstanding the court's availability to review some constitutional claims in the first instance, when the claim is closely related to plaintiff's claim for benefits, "SSA should be enlisted to make an initial determination, subject to traditional judicial review to determine if an adverse decision is supported by substantial evidence." *Id.* In this case, plaintiff mentions "due process," but there is no basis for such a claim. Plaintiff does not, and cannot claim, that he does not understand the Social Security administrative procedures.[5] Plaintiff has progressed through his administrative remedies and has obtained a partially favorable decision. He claims that the ALJ's decision is incorrect. He has simply failed to wait for the last administrative step to be complete, after he filed his appeal. Plaintiff's passing reference to due process does not suffice to establish jurisdiction over his claim.

5 Cases such as *Steiberger* often have arisen when the plaintiff claims that a mental impairment prevented him from understanding the administrative procedures and the plaintiff has missed his or her opportunity to utilize those procedures. *See e.g.* *Bortungno v. Comm'r of Soc. Sec.*, No. 17-CV-2344, 2018 WL 3650131, at *4 (S.D.N.Y. Aug. 1, 2018) (citations omitted). Even then, a plaintiff would have to make a "particularized allegation of mental impairment plausibly of sufficient severity to impair comprehension." *Id.* (citing *Byam v. Barnhart*, 336 F.3d 172, 182 (2d Cir. 2003)) (quoting *Stieberger*, 134 F.3d at 40–41). Plaintiff does not make such a claim.

In rare circumstances exhaustion may be waived, but exhaustion is the rule, "waiver is the exception." *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) (quoting *Abbey v. Sullivan*, 978 F.2d 37, 44 (2d Cir. 1992)). *See* *Johnson v. Saul*, No. 1:19-CV-3749, 2020 WL 1140778, at *4 (S.D.N.Y. Mar. 9, 2020) (quoting *Abbey*, 978 F.2d at 44). The court considers three factors in making its determination: (1) whether the plaintiff's claim is collateral to the demand for benefits; (2) whether exhaustion would be futile, and (3) whether requiring exhaustion would cause irreparable harm to plaintiff. *Id.* (citing *Pavano, supra*).

None of the above factors weigh in plaintiff's favor. His claim is not "collateral" to his claim for benefits. He claims that he is entitled to benefits beginning earlier than defendant claims the statute allows. Thus, his claim is central to his request for more benefits, resulting from the favorable decision on his 2010 application. There is no indication that exhaustion would be futile. He has obtained a favorable decision from the Appeals Council in the past, and this court cannot determine what the outcome in the Appeals Council would be. Finally, requiring plaintiff to wait until the Appeals Council issues a decision will not cause irreparable harm. Plaintiff has already obtained a favorable decision in the agency. The issue is the amount of back benefits, not his eligibility. Thus, there is no irreparable harm in requiring plaintiff to exhaust his administrative remedies, and waiver is not appropriate.

***4** Plaintiff somehow argues that the ALJ's decision will force plaintiff to "repay" 39 years of benefits. It is unclear to what plaintiff is referring. The decision at issue granted plaintiff's eligibility for CIB, but did not determine that retroactive benefits would begin as far back as plaintiff requested or believes to be appropriate. (Def.'s Ex. 11 at 7-10). Plaintiff is not being required to pay back any money due to the ALJ's decision.

The cases cited by plaintiff in his response to defendant's motion do not support his position. Plaintiff cites, inter alia, *Tatum v. Mathews*, 541 F.2d 161, 165-66 (6th Cir. 1976) (Dkt. No. 17 at 2). However, *Tatum* was a class action, limited to Social Security applicants in Kentucky and involved a constitutional question of whether individuals would require notice and an opportunity to be heard if their benefits were terminated when Social Security instituted the SSI program. In any event, the pages cited by plaintiff state that a claim for retroactive benefits was barred by sovereign immunity. *Id.*

Because the Commissioner has yet to issue a final decision in this case, conferring jurisdiction under 42 U.S.C. § 405(g), and there is no basis for waiving the exhaustion requirement, this court must dismiss plaintiff's case at this time for lack of jurisdiction. When the Appeals Council issues a final decision in plaintiff's case, if appropriate, he may return to this court to challenge the Commissioner's finding.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that defendant's motion to dismiss for lack of jurisdiction (Dkt. No. 15) is **GRANTED**, and plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 2079411

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.